CARLSMITH BALL LLP

| | |
|---|---|
| JOYCE W. Y. TAM-SUGIYAMA | 10325 |
| KARL K. KOBAYASHI | 3112 |

ASB Tower, Suite 2100
1001 Bishop Street
Honolulu, HI 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
jtam@carlsmith.com
kkobayashi@carlsmith.com

Attorneys for Defendants
HAWAIIAN ISLES KONA COFFEE CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LANDMARK TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN ISLES KONA COFFEE CO., LTD.,<br><br>Defendant. | CIVIL NO. 1:18-cv-00307 ACK-KSC (Patent)<br><br>DEFENDANT HAWAIIAN ISLES KONA COFFEE CO., LTD.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT FILED AUGUST 8, 2018 [DKT. 1] AND AFFIRMATIVE DEFENSES; DEFENDANT HAWAIIAN ISLES KONA COFFEE CO., LTD.'S COUNTERCLAIM; JURY DEMAND; CERTIFICATE OF SERVICE |

# DEFENDANT HAWAIIAN ISLES KONA COFFEE CO., LTD.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT FILED AUGUST 8, 2018 AND AFFIRMATIVE DEFENSES

Defendant Hawaiian Isles Kona Coffee Co., Ltd. ("**Kona Coffee**" or "**Defendant**"), by and through counsel, files its Answer to the Complaint for Patent Infringement filed August 8, 2018 ("**Complaint**") and Affirmative Defenses. Kona Coffee denies all allegations and characterizations in the Complaint unless expressly admitted.

## THE PARTIES

1.     Defendant admits that Plaintiff Landmark Technology, LLC ("**Landmark**" or "**Plaintiff**") is a limited liability company organized under the laws of the state of Delaware. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and, therefore, denies all such allegations.

2.     Defendant admits that it is a Hawai'i corporation with its principal place of business at 2839 Mokumoa Street, in Honolulu, Hawai'i. Defendant further admits that it transacts business in this jurisdiction district. Defendant denies the remaining allegations in paragraph 2.

## JURISDICTION AND VENUE

3. Defendant admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. Defendant admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338.

5. Defendant admits that it maintains its principal place of business in the state of Hawaiʻi and transacts business in this District. Defendant denies the remaining allegations in paragraph 5 of the Complaint.

6. Defendant admits that venue is proper in this District under 28 U.S.C. § 1400(b). Defendant denies the remaining allegations in paragraph 6.

## FACTS

7. With regard to paragraph 7 of the Complaint, Defendant affirmatively asserts that the document attached to the Complaint as Exhibit "A" speaks for itself. Defendant lacks knowledge sufficient to admit or deny if it is a true and correct copy. Defendant denies that U.S. Patent No. 6,289,319 ("**'319 Patent**") was legally issued. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and, on that basis, denies all such allegations,

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and, therefore, denies all such allegations. Further, to the extent that paragraph 8 contains legal conclusions, Defendant denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies all such allegations. Further, to the extent that paragraph 9 contains legal conclusions, Defendant denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies all such allegations. Further, to the extent that paragraph 10 contains legal conclusions, Defendant denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, denies all such allegations. Further, to the extent that paragraph 11 contains legal conclusions, Defendant denies the same.

12. With regard to paragraph 12 of the Complaint, Defendant affirmatively asserts that the document attached to the Complaint as Exhibit "E" speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, denies all

such allegations. Further, to the extent that paragraph 12 contains legal conclusions, Defendant denies the same.

13. With regard to paragraph 13 of the Complaint, Defendant affirmatively asserts that the document attached to the Complaint as Exhibit "F" speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, denies all such allegations. Further, to the extent that paragraph 13 contains legal conclusions, Defendant denies the same.

14. With regard to paragraph 14 of the Complaint, Defendant affirmatively asserts that the document attached to the Complaint as Exhibit "F" speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, therefore, denies all such allegations. Further, to the extent that paragraph 14 contains legal conclusions, Defendant denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, therefore, denies all such allegations. Further, to the extent that paragraph 15 contains legal conclusions, Defendant denies the same.

16. Defendant admits it received a letter from Plaintiff's counsel dated December 1, 2017 regarding the '319 Patent. Defendant denies the remaining allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

## FIRST CLAIM FOR RELIEF

18. Defendant incorporates by reference its answers to paragraphs 1-17 above.

19. Defendant denies the allegations in paragraph 19.

20. Defendant admits that Complaint contains a document marked "Exhibit G". Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and, therefore, deny all such allegations. Further, to the extent that paragraph 20 contains legal conclusions, Defendant denies the same.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22, including subparts (a) through (e).

23. Defendant denies the allegations in paragraph 23.

24. Defendant admits that it employs an Information Technology Director and an Ecommerce Manager. Defendant denies the remaining allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

## SECOND CLAIM FOR RELIEF

28. Defendant incorporates by reference its answers to paragraphs 1-27 above.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to amend its Answer to add additional affirmative defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

34. Defendant does not and has not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), on any valid, enforceable claim of the '319 Patent.

**SECOND DEFENSE**

35. Each asserted claim of the '319 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD DEFENSE**

36. To the extent Plaintiff and/or its alleged predecessors-in-interest to the '319 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's alleged actions allegedly infringed the '319 Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '319 Patent.

**FOURTH DEFENSE**

37. To the extent Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would cause indirect infringement.

**FIFTH DEFENSE**

38. Plaintiff's attempted enforcement of the '319 Patent against Defendant is barred by laches and/or estoppel.

## SIXTH DEFENSE

39. The claims of the '319 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

## SEVENTH DEFENSE

40. Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

DATED: Honolulu, Hawaii, September 29, 2018.

/s/ Joyce W.Y. Tam-Sugiyama
JOYCE W. Y. TAM-SUGIYAMA
KARL K. KOBAYASHI

Attorneys for Defendants
HAWAIIAN ISLES KONA COFFEE CO., LTD.