IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LANDMARK TECHNOLOGY LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HAWAIIAN ISLES KONA COFFEE CO., LTD.,<br><br>　　　　Defendant. | CIVIL NO.  1:18-cv-00307 ACK-KSC<br>(Patent)<br><br>DEFENDANT HAWAIIAN ISLES KONA COFFEE CO., LTD.'S COUNTERCLAIM |

## DEFENDANT HAWAIIAN ISLES KONA COFFEE CO., LTD.'S <u>COUNTERLCAIM</u>

### PARTIES

1.　　Counterclaim Plaintiff Hawaiian Isles Kona Coffee Co., Ltd. ("**Kona Coffee**" or "**Counterclaim Plaintiff**") is a Hawaiʻi corporation, with its principal place of business in Honolulu, Hawaiʻi.

2.　　On information and belief based solely on paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Landmark Technology, LLC ("**Landmark**") is a Delaware limited liability company with its principal place of business at 329 Laurel, San Diego, CA  92101.

## JURISDICTION

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq*,. and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

5. Based on Landmark's filing of this action and Defendant's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim Plaintiff infringed the '319 Patent.

6. Under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., Counterclaim Plaintiff requests a declaration by the Court that it does not infringe any claim of the '319 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement))).

## COUNT II

### DECLARATION REGARDING INVALIDITY

7. Based on Landmark's filing of this action and Defendant's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '319 Patent.

8. Under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that the claims of the '319 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff Hawaiian Isles Kona Coffee Co., Ltd. requests this Court enter judgment in its favor and against Landmark by granting the following relief:

a. a declaration that the asserted claims of the '319 Patent are invalid;

b. a declaration that Defendant/Counterclaim Plaintiff does not infringe, under any theory, any valid claim of the '319 Patent that may be enforceable;

c. a declaration that Landmark take nothing by its Complaint;

d. judgment against Landmark, and in favor of Counterclaim Plaintiff;

e. dismissal of the Complaint with prejudice;

f. a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim Plaintiff its costs and attorneys' fees incurred in this action; and

g. further relief as the Court may deem just and proper.

## JURY DEMAND

Counterclaim Plaintiff hereby demands trial by jury on all issues.

DATED: Honolulu, Hawaii, September 29, 2018.

/s/ Joyce W.Y. Tam-Sugiyama
JOYCE W. Y. TAM-SUGIYAMA
KARL K. KOBAYASHI

Attorneys for Defendants
HAWAIIAN ISLES KONA COFFEE CO., LTD.